**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOHN W. MAGNESS,                                                            PLAINTIFF
ADC #150340

V.                                        4:19CV00674-BSM-JTK

WENDY KELLEY, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

**I.      Introduction**

Plaintiff is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC) who filed this <u>pro se</u> lawsuit pursuant to 42 U.S.C. § 1983. All Defendants except Payne, Griffin, and Jason Kelley were dismissed on January 3, 2020 (Doc. No. 16), and Defendants Payne and Griffin were dismissed on March 24, 2020 (Doc. No. 35).

Pending before the Court is the Motion to Dismiss and Brief in Support, filed by

remaining Defendant Jason Kelley (Doc. Nos. 38-39), to which Plaintiff responded (Doc. No. 41).

In his Second Amended Complaint, Plaintiff alleged that Defendants failed to initiate an ADC internal affairs investigation and to take corrective action after Plaintiff notified them that he was forced on two occasions to "toe tag and body bag" deceased inmates. (Doc. No. 12, p. 5) These incidents involved individuals who are not parties to this lawsuit. (Id.)

## II.  Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."   In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendant Kelley asks the Court to dismiss Plaintiff's allegations against him for

failure to state a claim upon which relief may be granted, and adopted the arguments set forth by Defendants Payne and Griffin in their prior dispositive motions. See Doc. Nos. 23-24. In Response, Plaintiff sets forth case law intended to support his claims that Defendants conspired to violate his constitutional rights and fraudulently conceal the actions in which Plaintiff was required to participate.

As noted in the Court's prior Proposed Findings and Recommendations (Doc. No. 31), Plaintiff's allegation that Defendants failed to adequately respond to or investigate the grievances Plaintiff filed after the incidents fails to support a constitutional claim for relief.   A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).   Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).   Furthermore, there is no precedent which establishes that an inmate has a federal right to an internal prison investigation. See Gatlin ex rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1093 (8th Cir. 2004). And, allegations based solely on Defendants' failure to follow ADC policies and procedures should be dismissed, for failure to state a claim. "[T]he mere violation of a

state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Furthermore, as Defendant Kelley notes and the docket entries substantiate (Doc. Nos. 21, 27, 36), Kelley is a medical employee and not an ADC employee.   To the extent that Plaintiff sued him based on his supervisory position as health services administrator, Plaintiff failed to state a constitutional claim, because he did not include facts that Defendant Kelley "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." Parrish v. Ball, 594 F.3d 993, 1002 (8th Cir. 2010). According to Plaintiff's second Amended Complaint, Defendant Kelley was not present during the two incidents at issue, and Plaintiff did not allege that he was aware of the incidents prior to their occurrences. Therefore, any failure to investigate or act on Plaintiff's allegations in grievances he filed after the incidents could not "proximately cause the injury" about which he complained. Parrish, 594 F.3d at 1002.[1] Despite Plaintiff's response that Defendant should have known of a constitutional violation and failed to take corrective action, such allegation is insufficient to show the violation of a clearly established constitutional or statutory right in this case.

---

[1] Plaintiff alleged he lost liberties, property and was threatened, harassed and retaliated against by staff. (Doc. No. 12, p. 7) He also claimed he suffered from nightmares, stress, emotional trauma and PTSD. (Id.)

### III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that the Motion to Dismiss filed by Defendant Jason Kelley (Doc. No. 38) be GRANTED, and Plaintiff's second Amended Complaint against Defendants be dismissed.

IT IS SO RECOMMENDED this 24th day of April, 2020.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE